**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| Erik Nyby, *on behalf of himself and all others similarly situated*,<br><br>        Plaintiff,<br><br>  -against-<br><br>Convergent Outsourcing, Inc.,<br><br>        Defendant. | Civil Action No.: 2:15-cv-886-ES-MAH<br><br>**DEMAND FOR JURY TRIAL** |

**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**
**FOR VIOLATIONS OF FEDERALCONSUMER PROTECTION STATUTES**

Plaintiff Erik Nyby by and through his undersigned counsel, pleading on his own behalf and on behalf of all others similarly situated, states as follows:

**JURISDICTION**

1. Plaintiff Erik Nyby ("Nyby") files this Class Action Complaint ("Complaint") seeking redress for the unlawful, predatory consumer debt collection practices engaged in by the Defendant, Convergent Outsourcing, Inc. ("Convergent"). Convergent conducts its debt collection business in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

2. This court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331, since the claims alleged against the Defendant arose under the FDCPA.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), in that a substantial portion of the acts giving rise to this action occurred in this District.

**PARTIES**

4. Nyby is an individual residing in Hamburg, New Jersey.

5. Nyby is a "consumer" within the meaning of Section 803 of the FDCPA, 15 U.S.C. § 1692a(3), in that the alleged debt that the Defendant sought to collect from him was incurred, if at all, for personal, family or household purposes and was therefore a consumer debt within the meaning of 15 U.S.C. § 1692a(5).

6. Convergent is a business entity organized under the laws of Washington with a principle place of business at 800 SW 39th St., Renton, WA 98057.

7. Convergent is engaged in the business of collecting or attempting to collect, directly or indirectly, debts owed or due or asserted to be owed or due another as one of its principal areas of business. As such, Convergent is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

8. In or around February 14, 2013, Convergent sent Plaintiff a collection letter (the "Letter") on a debt originally incurred to "Excel Wireless," owned by "Galaxy Asset Purchasing, LLC," and with a balance of $5,363.47.

9. A copy of the Letter is attached as Exhibit A and incorporated herein by reference.

10. The debt Convergent was attempting to collect was barred by New Jersey's statute of limitations such that Plaintiff had no legal obligation to pay the debt.

11. The Letter set forth that Convergent's "client has advised us that they are willing to settle your account for 20% of your total balance due," and characterized the offer as an "advantage."

12. The Letter set forth "3 CONVENIENT WAYS TO PAY": 1) one payment of $1,072.69, stated as "a 80% discount," 2) 3 payments of $715.13, stated as "a 60% discount," or 3) 12 monthly payments of $446.96.

13. Nowhere does the Letter disclose that the debt is barred by the statute of limitations, that the consumer has no legal obligation to pay anything or that by agreeing to pay even a portion of the debt, the consumer would revive the entire debt.

### A. The Letter Misleads Consumers and is Deceptive

14. It is misleading for a debt collector to send a dunning letter offering a settlement that represents a purported "advantage" on a time-barred debt. Convergent's offer of a "discount" implied that Nyby had a legally enforceable obligation to pay the debt. In fact, the statute of limitations on the debt had expired and Defendant had no cognizable claim to recover on the debt.

15. It is misleading, unfair and deceptive for a debt collector to state it is offering a "discount" when, in fact, it is offering an increase in the consumer's debt obligations. If the consumer accepts the "discount" in the form of a payment plan, they will, in fact, revive the debt and owe more money than before the purported "discount" was offered.

16. The Letter is a form letter, substantially similar to thousands of letters sent to consumers across the State of New Jersey.

17. In each instance, Convergent knows it is collecting a time-barred debt.

18. In each instance, Convergent's goal is to create the false impression that the consumer has a legal obligation to pay the debt.

### CLASS ACTION ALLEGATIONS

### The Class

19. Plaintiff brings this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated.

20. Plaintiff seeks to certify a class defined as:

> **All consumers in the State of New Jersey who were sent a letter in substantially the same form as the Letter by or on behalf of**

        **Defendant, within one year prior to the filing of this action and which was not returned as undeliverable.**

B. <u>**Numerosity**</u>

21. The Letters are mass-mailed form letters. Therefore, the members of the class are believed to be so numerous that joinder of all members is impractical.

22. Upon information and belief, Defendant sent or caused to be sent thousands of similar deceptive Letters to consumers.

23. The exact numbers and identities of class members are unknown at this time and can only be ascertained through discovery. Identification of the class members is a matter capable of ministerial determination from Defendant's records.

24. Plaintiff reasonably believes that there are thousands of consumers who are members of the class.

C. <u>**Common Questions of Law and Fact**</u>

25. There are common questions of law and fact raised in this Complaint which predominate over any questions affecting only individual class members.

26. The questions of law and fact common to the Class concern whether Defendant's practice of transmitting communications to consumers in the form of the Letter constitutes conduct which violates the FDCPA.

27. The following questions of law and fact common to the Class members are ripe for determination and are raised herein:

    a. Did Defendant violate 15 U.S.C. §1692e(10) by engaging in the deceptive practice of using false representations and deceptive conduct to collect consumer debts?

      b.  Did Defendant violate 15 U.S.C. §1692e(2) by creating the false impression that the debt was legally due and owing?

      c.  Did Defendant violate 15 U.S.C. § 1692f by engaging in unfair collection practices?

**D.**    **<u>Typicality</u>**

28.    Plaintiff's claims are typical of the claims of the class members' since each of the claims arises from receipt of a letter substantially similar to the letter sent to him by Defendant.

**E.**    **<u>Protecting the Interests of the Class Members</u>**

29.    Plaintiff will fairly and adequately represent the class members' interests, all of whom are victims of Defendant's unlawful and wrongful conduct.

30.    All of the class members' claims arise from the very course of conduct and specific activities complained of herein and require application of the same legal principles.

31.    Plaintiff has retained counsel experienced in bringing class actions and debt collection abuse claims and who stands ready, willing and able to represent the class.

**F.**    **<u>Proceeding Via Class Action is Superior and Advisable</u>**

32.    A class action is superior to other available methods for the fair and efficient adjudication of the controversy. Congress specifically provided, at 15 U.S.C. 1692k, for the commencement of class actions as a principal means of enforcing the FDCPA.

33.    Absent a class action, most members of the class would find the cost of litigating their claims to be prohibitive and, therefore, would have no effective remedy at law.

34.    The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

35. The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the court and the litigants and promotes consistency and efficiency of adjudication.

36. Prosecution of separate actions could result in inconsistent or varying adjudications with respect to individual class members that would establish incompatible standards of conduct for Defendant and other debt collectors. Conversely, adjudications with respect to individual class members would be dispositive of the interest of all other class members.

37. The amount of money at issue is such that proceeding by way of a class action is the only economical and sensible manner in which to vindicate the injuries sustained by Plaintiff and the other members of the Class.

## COUNT I
### Violations of FDCPA
### Section 807, 15 U.S.C. § 1692e by
### Use of Deception to Collect a Debt

38. Each and every allegation contained in paragraphs 1 through 37 of this Complaint is repeated, realleged and incorporated herein by reference.

39. FDCPA Sections 807(2) & (10), 15 U.S.C. 1692e (2) & (10), provide in relevant part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section . . .
>
> ****
>
> (2) The false representation of—
>
> (A) the character, amount, or legal status of any debt;
>
> ****
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

6

40. Defendant falsely represented the character, amount and legal status of the debt through its letter in violation of 15 U.S.C. § 1692e(2).

41. The acts and practices complained of in this Complaint constitute the use of false representations or deceptive means in attempts to collect a debt in violation of 15 U.S.C. § 1692e(10)

42. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## COUNT II
### Violations of FDCPA
### Section 808, 15 U.S.C. §1692f by
### Engaging in Unfair and Unconscionable Means to Collect a Debt

43. Each and every allegation contained in paragraphs 1 through 37 of this Complaint is repeated, realleged and incorporated herein by reference.

44. FDCPA, 15 U.S.C. § 1692f, provides in relevant part:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

45. The acts and practices complained in this Complaint constitute unfair and unconscionable means to collect a debt in violation of 15 U.S.C. § 1692f.

46. By virtue of the foregoing, Plaintiff is entitled to recover damages as prayed for herein.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff asks that this Court enter judgment in their favor and in favor of the members of the class and against Defendant, as follows:

    A) Awarding statutory damages as provided under the FDCPA, pursuant to 15 U.S.C. § 1692k;

    B)    Awarding reasonable attorney fees, litigation expenses and costs incurred pursuant to 15 U.S.C. § 1692(k)(3);

    C)    Granting such other and further relief this Court deems just and appropriate.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: February 26, 2015

Respectfully submitted,
By    */s/ Sofia Balile*
Sofia Balile, Esq.
Lemberg Law L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (917) 981-0849
Facsimile: (888) 953-6237
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

  This is to certify that, on February 26, 2015, the foregoing was filed through the CM/ECF system and served on the Defendant via electronic mail to:

Shannon M. Smith
800 SW 39th Street
Renton, WA 98055
shsmith@convergentusa.com

          By */s/ Sofia Balile*
             Sofia Balile