## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ERIK NYBY, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>  -against-<br><br>CONVERGENT OUTSOURCING, INC.,<br><br>       Defendant. | **Civil Action No. 2:15-cv-886-ES-MAH** |

## ANSWER TO FIRST AMENDED COMPLAINT

Defendant Convergent Outsourcing, Inc. ("Convergent") hereby responds to plaintiff's First Amended Complaint ("FAC") as follows:

## JURISDICTION

1.  Responding to Paragraph 1, Convergent admits that plaintiff appears to have filed this action for alleged violations of the Fair Debt Collection Practices Act (FDCPA), 16 U.S.C. § 1692 *et seq*. Convergent denies the allegations of Paragraph 1 of the Complaint and denies that the issues herein are properly brought as a class action.

2.  Responding to Paragraph 2, Convergent admits that jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. Convergent further admits that 15 U.S.C. § 1692k(d) provides that a civil action brought under the Fair Debt Collection Practices Act ("FDCPA") may be brought in any court of competent jurisdiction; however, it is denied that defendant violated the FDCPA and strict proof is demanded.

3.  Responding to Paragraph 3, Convergent admits that venue in this district may be proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

4.      Responding to Paragraph 4, Convergent is without knowledge or information sufficient to answer the allegations contained in Paragraph 4 of the FAC, and on that basis denies same.

5.      Responding to Paragraph 5, Paragraph 5 purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, Convergent is without knowledge or information sufficient to answer the allegations contained in Paragraph 5 of the FAC, and on that basis denies same.

6.      Responding to Paragraph 6, Convergent admits that it is a corporation whose principal offices are located in Renton, Washington.

7.      Responding to Paragraph 7, Convergent admits that it is an entity engaged in, among other things, the business of consumer debt collection.  Convergent denies the remaining allegations of Paragraph 7 of the FAC.

**STATEMENT OF FACTS**

8.      Responding to Paragraph 8, Convergent is without knowledge or information sufficient to answer the allegations contained in Paragraph 8 of the FAC, and on that basis denies same.

9.      Responding to Paragraph 9, Convergent admits that plaintiff has purported to attach a document to the FAC as Exhibit A.  Convergent does not admit the authenticity of the document attached to the FAC as Exhibit A, and denies any remaining allegations contained in Paragraph 9 of the FAC.

10.     Responding to Paragraph 10, Convergent is without knowledge or information sufficient to answer the allegations contained in Paragraph 10 of the FAC, and on that basis denies same.

2

11.     Responding to Paragraph 11, the allegations contained in Paragraph 11 of the Complaint purport to quote or paraphrase a document; therefore, Convergent respectfully refers the Court to the specific document, which speaks for itself, and denies any inference of liability.

12.     Responding to Paragraph 12, the allegations contained in Paragraph 12 of the Complaint purport to quote or paraphrase a document; therefore, Convergent respectfully refers the Court to the specific document, which speaks for itself, and denies any inference of liability.

13.     Responding to Paragraph 13, the allegations contained in Paragraph 13 of the Complaint purport to quote or paraphrase a document; therefore, Convergent respectfully refers the Court to the specific document, which speaks for itself, and denies any inference of liability.

14.     Responding to Paragraph 14, Convergent denies each and every allegation set forth in Paragraph 14 of the FAC.

15.     Responding to Paragraph 15, Convergent denies each and every allegation set forth in Paragraph 15 of the FAC.

16.     Responding to Paragraph 16, Convergent denies each and every allegation set forth in Paragraph 16 of the FAC.

17.     Responding to Paragraph 17, Convergent denies each and every allegation set forth in Paragraph 17 of the FAC.

18.     Responding to Paragraph 18, Convergent denies each and every allegation set forth in Paragraph 18 of the FAC.

**CLASS ACTION ALLEGATIONS**

**A.     The Class**

19.     Responding to Paragraph 19, Convergent admits only that plaintiff purports to bring this action on behalf of a putative class of individuals, but denies that certification of the

purported putative class is appropriate pursuant to Fed. R. Civ. P. 23, and further denies all allegations of fact concerning any wrongdoing.

20.      Responding to Paragraph 20, Convergent admits only that plaintiff purports to bring this action on behalf of a putative class of individuals, as defined in Paragraph 20, but denies that certification of the purported putative class is appropriate pursuant to Fed. R. Civ. P. 23, and further denies all allegations of fact concerning any wrongdoing.

**B.**      **Numerosity**

21.      Responding to Paragraph 21, Convergent denies each and every allegation set forth in Paragraph 21 of the Complaint.

22.      Responding to Paragraph 22, Convergent denies each and every allegation set forth in Paragraph 22 of the Complaint.

23.      Responding to Paragraph 23, Convergent is without knowledge or information sufficient to answer the allegations contained in Paragraph 23 of the FAC, and on that basis denies same.

24.      Responding to Paragraph 24, Convergent is without knowledge or information sufficient to answer the allegations contained in Paragraph 24 of the FAC, and on that basis denies same.

**C.**      **Common Questions of Law and Fact**

25.      Responding to Paragraph 25, Paragraph 25 purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, Convergent is without knowledge or information sufficient to answer the allegations contained in Paragraph 25 of the FAC, and on that basis denies same.

26.      Responding to Paragraph 26, Paragraph 26 purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary,

4

Convergent is without knowledge or information sufficient to answer the allegations contained in Paragraph 26 of the FAC, and on that basis denies same.

27.     Responding to Paragraph 27, Convergent denies each and every allegation contained in Paragraph 27 of the FAC, inclusive of subparagraphs (a) through (c).

**D.      Typicality**

28.     Responding to Paragraph 28, Paragraph 28 purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, Convergent is without knowledge or information sufficient to answer the allegations contained in Paragraph 28 of the FAC, and on that basis denies same.

**E.      Protecting the Interests of the Class Members**

29.     Responding to Paragraph 29, Paragraph 29 purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, Convergent is without knowledge or information sufficient to answer the allegations contained in Paragraph 29 of the FAC, and on that basis denies same.

30.     Responding to Paragraph 30, Convergent is without knowledge or information sufficient to answer the allegations contained in Paragraph 30 of the FAC, and on that basis denies same.

31.     Responding to Paragraph 31, Convergent is without knowledge or information sufficient to answer the allegations contained in Paragraph 31 of the FAC, and on that basis denies same.

**F.      Proceeding Via Class Action is Superior and Advisable**

32.     Responding to Paragraph 32, Paragraph 32 purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary,

Convergent is without knowledge or information sufficient to answer the allegations contained in Paragraph 32 of the FAC, and on that basis denies same.

33.     Responding to Paragraph 33, Convergent is without knowledge or information sufficient to answer the allegations contained in Paragraph 33 of the FAC, and on that basis denies same.

34.     Responding to Paragraph 34, Convergent is without knowledge or information sufficient to answer the allegations contained in Paragraph 34 of the FAC, and on that basis denies same.

35.     Responding to Paragraph 35, Paragraph 35 purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, Convergent is without knowledge or information sufficient to answer the allegations contained in Paragraph 35 of the FAC, and on that basis denies same.

36.     Responding to Paragraph 36, Paragraph 36 purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, Convergent is without knowledge or information sufficient to answer the allegations contained in Paragraph 36 of the FAC, and on that basis denies same.

37.     Responding to Paragraph 37, Paragraph 37 purports to set forth a legal conclusion to which no response is required.  Alternatively, to the extent a response is necessary, Convergent is without knowledge or information sufficient to answer the allegations contained in Paragraph 37 of the FAC, and on that basis denies same.

**COUNT I**
**Violations of FDCPA**
**Section 807, 15 U.S.C. § 1692e by**
**Use of Deception to Collect a Debt**

38.     Responding to Paragraph 38, Convergent incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

39.     Responding to Paragraph 39, Paragraph 39 merely purports to paraphrase and/or quote from the language of a statute, and therefore Convergent respectfully refers the Court to the specific statute in question, the text of which speaks for itself, and denies any inference of liability.

40.     Responding to Paragraph 40, Convergent denies each and every allegation set forth in Paragraph 40 of the Complaint.

41.     Responding to Paragraph 41, Convergent denies each and every allegation set forth in Paragraph 41 of the Complaint.

42.     Responding to Paragraph 42, Convergent denies each and every allegation set forth in Paragraph 42 of the Complaint.

**COUNT II**
**Violations of FDCPA**
**Section 808, 15 U.S.C. §1692f by**
**Engaging in Unfair and Unconscionable Means to Collect a Debt**

43.     Responding to Paragraph 43, Convergent incorporates by reference all of the above paragraphs of this answer as though fully stated herein.

44.     Responding to Paragraph 44, Paragraph 44 merely purports to paraphrase and/or quote from the language of a statute, and therefore Convergent respectfully refers the Court to the specific statute in question, the text of which speaks for itself, and denies any inference of liability.

7

45.     Responding to Paragraph 45, Convergent denies each and every allegation set forth in Paragraph 45 of the Complaint.

46.     Responding to Paragraph 46, Convergent denies each and every allegation set forth in Paragraph 46 of the Complaint.

## AFFIRMATIVE DEFENSES

Without admitting that it carries the burden of proof or production as to any of the issues listed below, Convergent sets forth the following matters constituting an avoidance or affirmative defense:

### FIRST AFFIRMATIVE DEFENSE

The alleged misconduct was the result of a *bona fide* error under 15 U.S.C. § 1692k(c).

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

The alleged claims, and each of them, are uncertain, ambiguous and/or unintelligible.

### FIFTH AFFIRMATIVE DEFENSE

The claims, and each of them, are barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff has unreasonably delayed in bringing this action to the prejudice of this answering defendant and is therefore barred from bringing this action by the doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to name all necessary and indispensable parties to this action.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff lacks standing or capacity to bring or maintain this action or obtain the relief sought.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff assisted, consulted, directed, ordered, approved and/or ratified each defendant's conduct, and is therefore estopped from claiming any damages, if any, there were.

### TENTH AFFIRMATIVE DEFENSE

The claims are barred due to privilege, absolute or qualified, including, but not limited to, the litigation privilege and/or common interest privilege.

### ELEVENTH AFFIRMATIVE DEFENSE

No act or omission of this answering defendant was a substantial factor in bringing about the damages alleged, nor was any act or omission of this answering defendant a contributing cause thereof.  Any alleged acts or omissions of this answering defendant were superseded by the acts or omissions of others, including plaintiff or other third parties named or not named as in the complaint, which were the independent, intervening and proximate cause of the damage or loss allegedly sustained by plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff consented to the acts and events set forth in the complaint.

### THIRTEENTH AFFIRMATIVE DEFENSE

The complaint and each cause of action contained therein are barred because plaintiff had a duty to take reasonable steps to mitigate and/or avoid his alleged damages.  Defendant, on information and belief, alleges that plaintiff failed to take any steps or delayed unreasonably in doing so.  Had plaintiff timely and diligently taken reasonable steps to mitigate and/or avoid his alleged damages, such alleged damages, if any, would have been reduced or avoided altogether

## FOURTEENTH AFFIRMATIVE DEFENSE

All or part of the relief sought by the plaintiff may be barred by illegality, fraud, prior material breach, and/or breach of the duty of good faith and fair dealing arising out of, but not limited to, plaintiff's fraudulent conduct and the providing of false information during negotiations and contracting for the underlying debt that is subject of the complaint in this action.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that, as to each cause of action, although defendant denies that it committed or is responsible for any act or omission that could support the recovery of punitive damages in this action, if and to the extent any such act or omission is found, recovery of such punitive damages against defendant is unconstitutional under the United States Constitution, including: the Excessive Fines Clause of the Eighth Amendment, the Due Process Clause of the Fifth Amendment and Section One of the Fourteenth Amendment and other provisions of the United States Constitution.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant engaged in good faith reliance on an advisory opinion of the Consumer Financial Protection Bureau.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff lacks sufficient numerosity of similarly situated persons to make a class action viable or practical.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Class treatment is grossly inferior to individual treatment in this case.

## NINETEENTH AFFIRMATIVE DEFENSE

Common questions of law or fact do not overweigh the individual issues and preclude class treatment in this matter.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff and/or the putative class members entered into an agreement with Defendant or the creditor, wherein the Plaintiff and/or putative class members agreed to arbitrate any and all disputes or claims, including those claims being asserted in this case, such that the claims of Plaintiff and/or the putative class are subject to a valid and enforceable arbitration provision.

## PRAYER FOR RELIEF

WHEREFORE, defendant prays for judgment against plaintiff as follows:

1. That plaintiff takes nothing by virtue of his complaint.

2. That plaintiff's complaint be dismissed with prejudice.

3. For costs and disbursements incurred herein, including attorney's fees.

4. For such other relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all issues so triable.

Respectfully submitted,

Dated:  April 10, 2015                    By:  _/s/ Ronald A. Giller_____
                                          Ronald A. Giller
                                          GORDON & REES LLP
                                          18 Columbia Turnpike, Suite 220
                                          Florham Park, New Jersey 07932
                                          Phone No.: (973) 549-2500
                                          Fax No.: (973) 377-1911
                                          Email: rgiller@gordonrees.com
                                          *Attorneys for Defendant*
                                          *Convergent Outsourcing, Inc.*